IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KALEB ALEXANDER HOOSIER, | Civil No. 25-00459 MWJS-WRP |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT AND DEFERRING DECISION ON WHETHER TO GRANT FURTHER LEAVE TO AMEND |
| vs. | |
| EXECUTIVE CENTRE ASSOCIATION, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Kaleb Alexander Hoosier brought this lawsuit against Executive Centre Association, Aston Hotels & Resorts, LLC, and two security officers. But none of these Defendants is a state governmental actor. And that matters here, because the only federal statute on which he relies—42 U.S.C. § 1983—imposes liability on state actors alone. Recognizing that Hoosier is a self-represented litigant, the court dismissed his original complaint, provided him guidance on how he might address the state-actor deficiency, and granted him leave to amend.

Hoosier has now filed a First Amended Complaint (FAC), which names the same Defendants and alleges that they worked so closely with state actors that they should be treated as state actors themselves. But the FAC does not allege facts that would plausibly support a finding of joint action. And while the FAC separately asserts state

law claims—ones that do not require a showing of state action—those state law claims, if unaccompanied by a related federal-law claim, belong in state court. The court therefore DISMISSES the FAC in its entirety.

At this point, it is unclear whether there is any possibility that Hoosier can remedy his claims. The court therefore defers decision on whether to grant Hoosier further leave to amend. Hoosier is invited to submit a letter explaining what facts he would add to a further amended complaint if he were given the opportunity to file one. The letter should explain, in particular, what facts would support Hoosier's assertion that the named Defendants engaged in joint activity with state actors. And if he wishes this court to consider granting him further leave to amend, he must submit this letter by January 12, 2026.

## BACKGROUND

On October 27, 2025, Hoosier filed a complaint alleging claims arising from two incidents. First, he alleged that he had been unlawfully trespassed from a "public easement sidewalk" while peacefully panhandling by Defendant Derek Delos Reyes. Dkt. No. 1, at PageID.1, 3. Second, Hoosier alleged that on a subsequent occasion, a different security officer had called out to passersby that Hoosier was a pedophile and should not be given money. *Id.* The complaint asserted that the first incident violated Hoosier's First Amendment rights in violation of § 1983 and constituted false arrest or imprisonment under Hawai'i state law. *Id.* at PageID.4. It also claimed that the second

incident amounted to slander under state law, and additionally asserted state law claims for intentional infliction of emotional distress based on both incidents.  *Id.* at PageID.4-5.  Hoosier filed an application to proceed in forma pauperis (IFP) alongside his claim.

The court granted Hoosier's IFP application but dismissed the complaint because it did not include factual allegations sufficient to state a claim for relief.  Dkt. No. 8.  But the court also granted Hoosier leave to amend his complaint and identified specific deficiencies in each of his claims which he would need to cure in order to properly state a claim.  *Id.*  In discussing the § 1983 claim, the court explained to Hoosier that the claim requires a showing of state action.  *Id.*

On November 18, 2025, Hoosier filed the FAC.  Dkt. No. 10.  It includes the same factual allegations regarding the trespass incident but adds that responding Honolulu Police Department (HPD) officers "accepted Delos Reyes' false report without independent investigation or review of security footage" before issuing Hoosier a trespass warning.  *Id.* at PageID.46.  It also asserts that "[t]his joint action between private Defendants and HPD transformed Defendants into state actors."  *Id.* (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)).  As to the alleged defamation incident, the FAC adds detail about the potential witnesses and provides evidence that the security officer's "'pedophile' accusation" was false.  *Id.* at PageID.47.

Since filing his amended complaint, Hoosier has also filed several documents with the court.  These documents include a "Notice of [Sequence] of Events," Dkt. No. 11, a "Notice of Reduction of Damages Sought," Dkt. No. 12, a "Notice of Additional Evidence," Dkt. No. 13, and a "Notice of Recent Death Threats and HPD Refusal to Accept Report," Dkt. No. 14.

## DISCUSSION

As the court explained in its prior order, to state a claim under § 1983, a plaintiff must allege a violation of a constitutional right "by a person acting under color of state law"—in other words, a state actor.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In an effort to satisfy that requirement, Hoosier now asserts that the private actors named as Defendants in the FAC engaged in joint action with state government officials.  The FAC does not contain sufficient factual detail to support this theory.[1]  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A private party may only be treated as a state actor in limited circumstances, such as when they conspire with a state official, willfully participate in joint activity with state officials, or "becom[e] so closely related to the State that the person's actions can be said to be those of the State itself."  *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir.

---

[1]    The court has also reviewed each of Hoosier's supplemental "notices" filed with the court.  *See* Dkt. Nos. 11-14.  But none of those filings, whether considered independently or read in conjunction with the FAC, contains sufficient factual information to support a finding of joint action.

1991).  This is not an easy standard to meet; a private actor may properly be treated as a state actor only when the "state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Pourny v. Maui Police Dep't*, 127 F. Supp. 2d 1129, 1150 (D. Haw. 2000) (cleaned up).  It requires, in other words, a "substantial degree of cooperative action." *Id.*

The FAC makes no such allegations.  There is no allegation that the security officers or corporate defendants conspired with HPD to trespass Hoosier.  Nor is there any allegation that the private defendants acted at the behest of HPD or any state actor, let alone cooperated so substantially as to transform them into state actors.

To be sure, the FAC does allege that the security officers called HPD, and that HPD failed to investigate independently.  But failure to investigate, without more, does not plausibly support a finding of a conspiracy.  And "merely complaining to the police," or even assisting police with a trespass action, "does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989); *see also id.* at 1155 (discussing trespass context in *Carey v. Continental Airlines, Inc.*, 823 F.2d 1402 (10th Cir. 1987)).

None of the other facts alleged in the complaint—that a private security officer called HPD and falsely reported that Hoosier was refusing to leave private property, and that HPD officers accepted that report and issued Hoosier a trespass warning—is

adequate to support a finding of state action under any theory.  As other courts have observed, if "a mere request for assistance from an available police officer" was sufficient to establish state action, "then every private citizen who solicited the aid of police in resolving disputes or in ejecting unwanted persons would be transformed into a state actor."  *Villegas v. City of Gilroy*, 363 F. Supp. 2d 1207, 1216-17 (N.D. Cal. 2005).

For these reasons, the FAC, like the original complaint, fails to allege facts sufficient to establish that any named Defendant should be treated as a state actor.  It therefore fails to state a § 1983 claim.

The FAC also fails to allege any facts curing the deficiencies in the state law claims identified by the court in its previous order.  *See* Dkt. No. 8, at PageID.35-39. Even if it had done so, the court would still be inclined to dismiss the state law claims due to the defects in the § 1983 claim.  "Ordinarily, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'"  *S. Cal. Edison Co. v. Orange Cnty. Transp. Auth.*, 96 F.4th 1099, 1109 (9th Cir. 2024) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  There is no evident reason to depart from that ordinary rule here.

That leaves the question of whether Hoosier should be afforded another opportunity to file an amended complaint.  In its earlier order, the court provided Hoosier guidance on how he might cure the deficiencies in his initial complaint.  As noted, Hoosier was specifically advised that the facts alleged did not support a showing

6

of state action by any named Defendant. *See* Dkt. No. 8, at PageID.34-35. Yet the FAC fails to allege additional facts supporting a finding that the private Defendants should be treated as state actors. It therefore is not clear whether there remains any possibility that Hoosier could remedy the defects in the FAC.

For these reasons, the court DEFERS decision on whether to grant Hoosier further leave to amend. Hoosier may submit a letter, by no later than January 12, 2026, explaining what facts would support his assertion that Defendants engaged in joint action with state governmental actors. The letter should also address the defects identified, both in this and the prior order, in his asserted state law claims. The letter does not need to use formal or legal language, but it must include enough detail to show that he could allege the necessary facts to state a claim if granted leave to amend. Hoosier is cautioned that failure to timely file a letter, or to provide enough facts in that letter to provide a basis for granting further leave to amend, will result in the dismissal of his lawsuit.

## <u>CONCLUSION</u>

Based on the foregoing, the FAC is DISMISSED. The court DEFERS decision on the question of whether Hoosier should be granted further leave to amend. If Hoosier wishes to continue pursuing this action, he must submit a letter to the court seeking further leave to amend by no later than January 12, 2026.

In any such letter, Hoosier must supplement his factual allegations to address the deficiencies this court has identified.  Hoosier is cautioned that if his letter fails to address the identified deficiencies, his action will be dismissed without leave to amend. Moreover, if Hoosier does not file a letter requesting further leave to amend by January 12, 2026, this case will be automatically dismissed.

IT IS SO ORDERED.

DATED:  December 15, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 25-00459 MWJS-WRP, *Kaleb Alexander Hoosier v. Executive Centre Association, et al.*; ORDER DISMISSING FIRST AMENDED COMPLAINT AND DEFERRING DECISION ON WHETHER TO GRANT FURTHER LEAVE TO AMEND

8